## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

FREDERICK JODY BARTON,
ADC #142505                                                                    PLAINTIFF

V.                                    1:12CV00038 JMM/JTR

JOHN MAPLES, Warden, Grimes Unit,
Arkansas Department of Correction; et al.                         DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

## **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing
    before the United States District Judge was not offered at
    the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony
    or other evidence (including copies of any documents)
    desired to be introduced at the requested hearing before the
    United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, Frederick Jody Barton, is a prisoner in the Grimes Unit of the

Arkansas Department of Correction ("ADC").  In this *pro se* § 1983 action, he alleges

that Defendants have violated his constitutional rights.  *See* docket entry#2.  Pursuant

to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II.  Discussion

### A.    Verbal Assault Claim

Plaintiff contends that, on February 5, 2012, Defendant Correctional Officer Fowler cursed and "verbally assaulted" him for complaining about the cornbread that was served in the chow hall.  *See* docket entry #2.   Plaintiff further alleges that Defendant Warden John Maples was  aware of the "verbal assaults," but failed to take

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).
        The Court is mindful that, when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law."  *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do."  *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be  "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

corrective action.  *Id.*

Name calling, verbal abuse, and mere threatening language used a prison official do not rise to the level of a constitutional violation.  *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (holding that "mere verbal threats made by a state actor do not constitute a § 1983 claim"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (same).  Thus, this claim should be dismissed, without prejudice.

## B.     Grievance Claim

Plaintiff alleges that Defendant Maples violated his unspecified constitutional rights by failing to properly investigate and timely respond to his grievances. *See* docket entry #2.  The Eighth Circuit has made it clear that prisoners do not have a constitutional right to a prison grievance procedure.  *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Thus, a prison official's failure to properly respond to a grievance, standing alone, is not actionable under § 1983.  *Id.*   Thus, this claim should be dismissed, with prejudice.

## C.     Cell Size Claim

Finally, Plaintiff makes the conclusory allegation that he is currently housed in "a two man cell that is not 60 by 80 square feet [as] required by the Arkansas

Correctional Association." *See* docket entry #2 at 4.

It is well settled that prisoners do not have a constitutional right to enforce compliance with internal prison regulations. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir.2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir.1996). Additionally, Plaintiff has not pled *any facts* explaining how his current housing arrangement constitutes a violation of his constitutional rights. Accordingly, this claim should be dismissed, without prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal constitute a STRIKE, as defined by 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 2nd day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE